UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:20-cr-00156 |
|  | ) |  |
| RHAZHAAN A. PITTMAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion Dismiss Count Two of the Superseding Indictment (Doc. No. 48). The Government filed its response on May 13, 2021, (Doc. No. 61), and Defendant did not file a reply. For the following reasons, Defendant's Motion will be denied.

### I. BACKGROUND

On February 26, 2017, Defendant attempted to evade police in Iowa and, while in flight, attempted to hide a firearm under a vehicle. (See Doc. No. 48-1). Subsequently, authorities charged him with violating Iowa Code § 719.1(1)(f), which makes it a felony to interfere with official acts while "armed with a firearm." Iowa Code § 719.1(1)(f). Defendant admitted his guilt in June 2017, and a deferred judgment was then placed on his record along with an imposition of two years' probation. (See Doc. No. 48 at 1). On June 23, 2019, the Iowa district court ordered that "defendant is hereby discharged from the probation." (Id.). The court further ordered that Defendant's criminal record with reference to the deferred judgment shall be expunged pursuant to Section 907.9 of the Iowa Criminal Code" if Defendant satisfied all monetary obligations for the matter. (Id.).

On February 3, 2020, Defendant was taken into custody for allegedly robbing a bank on January 24. (See Doc. No. 22 at 1–2). In a superseding indictment, the grand jury charged

Defendant on two counts: (1) bank robbery in violation of 18 U.S.C. § 2113(a); and (2) being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. No. 37). The second count stemmed from Defendant's deferred judgment in Iowa. (See Doc. No. 61 at 1–2). Defendant now moves the Court to dismiss Count 2 because that conviction was supposedly expunged.

## II. LEGAL STANDARDS

18 U.S.C. § 922(g) makes it illegal for a former convicted felon to possess a firearm. But there is an exception for "[a]ny conviction which has been expunged . . . unless such . . . expungement . . . expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). Under Iowa law, a deferred judgment constitutes a conviction for purposes of 18 U.S.C. § 922(g)(1). See U.S. v. Reth, No. 06-CR-0159-LRR, 2007 WL 1058467 (N.D. Iowa Apr. 5, 2007), affirmed 258 F. App'x 68 (8th Cir. 2007).

To determine whether a conviction has been expunged pursuant to 18 U.S.C. § 921(a)(20), the Sixth Circuit looks to state law. See U.S. v. Zellars, 334 F. App'x 742, 744 (6th Cir. 2009). If, under state law, a prior conviction has been expunged, then a conviction under § 922(g) premised on that conviction is invalid because the defendant's rights have been sufficiently restored. See id. And Iowa state law explicitly provides that an expunged conviction restores a defendant's rights. See Iowa Code § 724.27.

## III. ANALYSIS

Here, Defendant argues that under Zellars, Defendant's § 922(g) conviction under Count 2 should be dismissed because the Iowa court expunged his prior conviction and effectively restored his rights. (Doc. No. 48 at 2; see also Iowa Code § 724.27). The Government counters that Count 2 should remain because: (1) a condition precedent of expungement was to satisfy all

2

monetary obligations that had not been completed; (2) Defense counsel has not yet provided a record of expungement; and (3) even were monetary obligations to be satisfied and the case were to be expunged, there is no evidence it would have been expunged prior to May 28, 2020, the date Defendant was arrested with a firearm pursuant to Count 2 of the indictment. (See Doc. No. 61). Defendant also argues that he was able to publicly access the Iowa case at issue, which supports the notion that it has not yet been expunged. (Id. at 3).

Having thoroughly reviewed the parties' briefings, exhibits, and the record, the Court agrees with the Government. There is insufficient record evidence to support a finding that Defendant's Iowa conviction has indeed been expunged, such that his § 922(g) count must be dismissed. Zellars and Iowa Code 724.27 therefore cannot come to Defendant's aid here.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count 2 of the Superseding Indictment is **DENIED**. This case will proceed to jury trial on Counts One and Two of Superseding Indictment, on **June 15, 2021**, at 9:00 a.m. The pretrial conference will be held on **June 7, 2021**, at 9:00 a.m. All counsel who will participate at trial must attend the pretrial conference.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE