UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:20-cr-00156 |
| RHAZHAAN A. PITTMAN, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Sever Counts. (Doc. No. 53). The Government responded on May 19, 2021 indicating that it does not oppose the Motion. (Doc. No. 62). For the following reasons, however, Defendant's Motion will be denied.

Defendant has been charged on two counts: (1) bank robbery in violation of 18 U.S.C. § 2113(a); and (2) being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. (See Doc. No. 37). Defendant now moves under Federal Rule of Criminal Procedure 14 to sever the case against him into two separate trials – one for the bank robbery count (Count 1) and one for the firearm possession count (Count 2). (See Doc. No. 53 at 1).

Pursuant to Federal Rule of Criminal Procedure 14, "a district court may order separate trials for a defendant facing a multi-count indictment if the 'joinder of the offenses . . . appears to prejudice a defendant . . . .'" United States v. Serrano-Ramirez, 319 F. Supp. 3d 918, 925–26 (M.D. Tenn. 2018). The rule, however, is "permissive, not mandatory." United States v. James, 496 F. App'x 541, 546 (6th Cir. 2012). Courts have thus found that "severance is required only when there is a serious risk of undue prejudice." Serrano-Ramirez, 319 F. Supp. 3d at 926 (citing Zafiro v. United States, 506 U.S. 534, 539 (1993)). To help determine whether severance is required,

courts consider several factors, including "whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability to separate the evidence." Id. (citing United States v. Dale, 429 F. App'x 576, 578 (6th Cir. 2011)).

Here, Defendant argues that any inclusion of the firearm possession count would be "too prejudicial." (Doc. No. 53 at 2). Defendant relies upon two cases, one from the Second Circuit and one from the Fifth Circuit, to support his proposition. (Id. at 3). Defendant argues that, should the counts remain tried together, a jury "will be told that 'a felon who carried a gun was just the sort of character who was most likely to have committed the robber[y] charged in the indictment." (Id. at 3 (citing United States v. Jones, 16 F.3d 487, 49293 (2d Cir. 1994) and United States v. Holloway, 1 F.3d 307, 311–12 (5th Cir. 1993)).

These cases, however, run counter to Sixth Circuit precedent, which has consistently upheld a jury's capability, in comparable situations, to "sort[] out the evidence and consider[] each count . . . separately." Serrano-Ramirez, 319 F. Supp. 3d at 926 (citing United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987)). According to Sixth Circuit precedent, motions to sever are appropriately denied where the court finds that a jury will be able to "properly compartmentalize the evidence related to each of the charges," and the jury will be able to "make a reliable judgment about Defendant's guild or innocence on each count of the Superseding Indictment." Serrano-Ramirez, 319 F. Supp. 3d at 926 (internal quotations omitted); see also United States v. Cody, 498 F.3d 582, 587 (6th Cir. 2007).

Having reviewed Defendant's briefing and the record, the Court finds that Defendant has not presented "compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." United States v. Saadey, 393 F.3d 669, 678 (6th Cir. 2005) (citing United States v.

Sherlin, 67 F.3d 1208, 1215 (6th Cir. 1995)). Instead, Defendant presents mere, "bold speculation[s that do] not establish a 'compelling, specific or actual prejudice to require a severance." United States v. Johnson, No. 3:17-cr-00114, 2019 WL 3425919, at *2 (M.D. Tenn. July 30, 2019). Conclusory statements such as the ones Defendant offers here are not enough to show the prejudice required for severance. See United States v. Soto, 794 F.3d 635, 657 (6th Cir. 2015); see also United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006). And although Defendant's wariness of potential jury confusion is reasonable, any potential jury confusion here is "small and does not outweigh society's need for speedy and efficient trials." Swift, 809 F.2d at 323 (citing United States v. Gallo, 763 F.2d 1504, 1525 (6th Cir. 1985)).

There is no sprawling indictment in this case, and "Defendant is not charged with so many counts that the jury will be overwhelmed with evidence." Serrano-Ramirez, 319 F. Supp. 3d at 926. Nor does the Court find that spillover evidence would incite or arouse the jury. See Dale, 429 F. App'x at 578. Indeed, Defendant can cure any potential prejudice by requesting that the Court instruct the jury to consider the counts separately. See Johnson, 2019 WL 3425919, at *2; see also Serrano-Ramirez, 319 F. Supp. 3d at 926. There is simply no indication that a jury would disregard such instructions at this point. See Johnson, 2019 WL 3425919, at *2. In sum, Defendant "does not have the right to individual trials based on [his bank robbery and firearm possession convictions] simply because he asserts that each will 'prejudice' the jury's consideration of the other." Id. Defendant must show "substantial prejudice" for the Court to sever, and he has not done so here. Id.

Accordingly, Defendant's Motion to Sever Counts is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE